UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                        Case No.   8:03-CR-445-T-23EAJ
                                                     8:05-CV-1432-T-23EAJ

ANTONIO OBANDO ARAUJO
_____/

## O R D E R

Araujo's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1)

challenges the validity of his 135-month sentence imposed pursuant to a plea

agreement to the charge of conspiracy to possess with intent to distribute five kilograms

or more of cocaine while aboard a vessel.  Araujo contends that his counsel was

ineffective for not filing an appeal.  The motion is without merit.

A motion to vacate must be reviewed prior to service on the United States.  *See*

Rule 4 of the Rules Governing § 2255 Cases.  If the "motion and the files and records of

the case conclusively show that the prisoner is entitled to no relief," the motion is

properly denied without a response from the United States.  28 U.S.C. § 2255.  *See*

*also United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982) (a "§ 2255 hearing is

not required if 'the motion and the files and records of the case conclusively show that

the prisoner is entitled to no relief'") (citation omitted); *Wright v. United States*, 624 F.2d

557, 558 (5th Cir. 1980)[1] (affirming district court's summary dismissal of § 2255 motion "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'").

Araujo's conviction and sentence are based on a negotiated plea.  The Plea Agreement (Doc. 65) specifically states that Araujo "expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground except for an upward departure by the sentencing judge or a sentence above the statutory maximum or a sentence in violation of the law apart from the sentencing guidelines. . . ."  Plea Agreement, ¶ 5 at 11 (Doc. 65).  Araujo was sentenced to the guidelines minimum of 135 months imprisonment, which was less than the statutorily authorized maximum of 40 years and was not an upward departure.  Consequently, Araujo's waiver of his right to challenge the guidelines sentence is controlling.

Counsel is not ineffective for failing to file a notice of appeal, even when asked to do so, if the plea agreement contains an appeal waiver.  *See Montemoino v. United States*, 68 F.3d 416, 417 (11th Cir. 1995) ("**Absent an express waiver of the right to appeal his sentence**, a defendant who pleads guilty and is sentenced under the Guidelines has a right to direct appeal of his sentence.") (emphasis added), and *Roe v.*

---

[1]   Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court.  *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

*Flores-Ortega*, 528 U.S. 470, 480 & 489 (2000) ("Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights.") ("Finally, of course, there is no claim here that Flores-Ortega waived his right to appeal as part of his plea agreement . . . ."  Souter, J., dissenting).  The plea agreement was specific and clear, and Araujo received the sentence for which he bargained.  Consequently, Araujo's claim that defense counsel rendered ineffective assistance for not filing a notice of appeal is without merit.

Accordingly, the motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**.  The clerk shall **ENTER A JUDGMENT** against Araujo and **CLOSE** this action.

ORDERED in Tampa, Florida, on August 3, 2005.

_____
**STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE**

SA/ro